FILED
2017 NOV 27 PM 12:13

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GREEN TREE INVESTMENT GROUP, INC.<br>and JEFFREY B. MALLETT,<br><br>Defendants. | C.A. No. 1:17-cv-1091 |

**FINAL JUDGMENT AS TO DEFENDANTS
GREEN TREE INVESTMENT GROUP, INC. AND JEFFREY B. MALLETT**

The Court finds that the Securities and Exchange Commission filed a Complaint and Defendants Green Tree Investment Group, Inc. and Jeffrey B. Mallett (collectively, "Defendants"): (i) entered a general appearance; (ii) consented to the Court's jurisdiction over Defendants and the subject matter of this action; (iii) consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); (iv) waived findings of fact and conclusions of law; and (v) waived any right to appeal from this Final Judgment.

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)] by, directly or indirectly, making use of the mails or any means or instrumentality of interstate commerce to

effect any transactions in, or to induce or attempt to induce the purchase of, any security, without being registered as a broker and/or dealer pursuant to Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) either Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that: (i) Defendants are jointly and severally liable for disgorgement of $651,597, representing compensation received as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $111,259; (ii) Defendant Green Tree Investment Group, Inc. is liable for a civil penalty in the amount of $7,500 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u]; and (iii) Defendant Jeffrey B. Mallett is liable for a civil penalty in the amount of $7,500 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u], for a total of $777,856. Defendants shall satisfy these obligations by paying all amounts to the Securities and Exchange Commission within one year after this Final Judgment is entered.

Defendants may transmit payment(s) electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment(s) may also be made directly from a bank account via Pay.gov through the SEC website at the following address: http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter: (i) identifying the case title, civil action number, and name of this Court; (ii) identifying Green Tree Investment Group, Inc. and Jeffrey B. Mallett as Defendants in this action; and (iii) specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case-identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to either Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after one year has passed following the entry of this Final Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to any post-judgment interest, which accrues on any unpaid amounts due after the entry of this Final Judgment. Prior to making any final payment, Defendants shall contact the staff of the Commission for the amount due for the final payment.

The Commission shall hold the funds together with any interest and income earned thereon (collectively, the "Fund"). The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such plan may provide that the Fund shall be distributed

3

pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determine that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalties, neither Defendant shall, after offset or reduction of any award of compensatory damages in any Related Investor Action based on a Defendant's payment of disgorgement in this action, argue that either Defendant is entitled to, nor shall either Defendant further benefit by, offset or reduction of such compensatory damages award by the amount of any part of either Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, then the Defendant(s) receiving such Penalty Offset shall, within 30 days after the entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such payment(s) shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalties imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against either or both Defendant(s) by, or on behalf of, one or more investors based on substantially the same facts as alleged in the Complaint in this action.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

4

incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge, as set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Jeffrey B. Mallett, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Jeffrey B. Mallett under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for Defendant Jeffrey B. Mallett's violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 11-27-17

UNITED STATES DISTRICT JUDGE